The next case is number 21-1583, United States v. Abdirashid Ahmed. At this time, would Attorney Doobie please come forward to the podium and introduce yourself  Good morning, Your Honors. Attorney Dan Doobie for Mr. Ahmed, the appellant. If I may reserve one minute for rebuttal. You may. Thank you. We appealed the sentence and had proposed that the guidelines left a range of 18 to 24 months, and the court concluded that the guidelines left a range of 57 to 61 months. And we believe that there was procedural error, two sources of procedural error, that we'd like to analyze, and that as a consequence, the sentence also was substantively unreasonable. Let me ask you, there was a variance in this case, so even if the judge calculated 57, and I believe the range was 57 to 71 months, he varied downwards to 24 months, and that's even within the range you're proposing. So doesn't that do away with any prejudice to your argument? So you're still getting a sentence within the range you're asking for? Yes, Your Honor. The sentence, the variance was substantial, as you indicate. It was approximately 3 and 3 quarters years from the sentencing bracket that the district court had found to apply. However, if the court had adopted our sentencing bracket, the 24 months would have been at the very high end of that bracket with no variance at all. Counsel, didn't the district court expressly say, even if I miscalculated as to the guidelines, as to both aspects of it, I would have given exactly the same sentence? Yes, Your Honor. And doesn't that, under our case law, eliminate your procedural argument? Thank you, Your Honor. The district court did explicitly state that the sentence would be the same, untethered from the guidelines. And as the government has rightly noted, there is consistent case law in this circuit that indicates that this court will uphold a sentence that is otherwise plausible and defensible, plausibly rational and defensible, when the court, even if there's an error as to the guidelines and recommendations, as long as the sentence is plausibly rational and defensible. However, I think it's worth looking at the four cases cited by the government. Those were Ortiz-Alvarez, Acevedo-Hernandez, Marsh, and Fernandez-Garay. In two of those cases, what was appealed was an upward variance from a mandatory minimum sentence. So the varying sentence guidelines really didn't matter. In a third, it was an upward variance from a plea agreement. And so there were two different ranges at play. Those ranges, in fact, overlapped. But they were rather relevant, because there was a plea agreement anyway. Counsel, I'm sorry. I'm not following the logic of your attempted distinction. And furthermore, our case law, the cases you cited, do not make that distinction. And I was going to say the same exact thing. Yes. And I think they don't make that distinction, because they don't have to. They don't have to at all. There's nothing inconsistent or plausibly not rational or indefensible. But now you're on the substantive reasonableness claim, if I'm following. In other words, which I think makes sense. I don't think our cases rule out the possibility that you might have a substantive reasonableness challenge that survives, even though your procedural reasonableness challenge would fail on harmless error when the district court says, I'd give the same sentence even under a different guidelines range. Yes, Your Honor. Counsel, I thought you expressly made your substantive error argument conditional on acceptance of the procedural error argument, which puts us not in the context that Judge Barron was talking about. Can I follow you up on that, though? Because if I understood your brief correctly, I thought what you were saying is that although the district court said it would give the same sentence, and that statement might, under our precedent, foreclose you from being able to challenge on procedural reasonableness grounds the sentence, it remains the case that the sentence has to be substantively reasonable. And your contention, if I understood it, was that the sentence is not substantively reasonable if the range is 24 months. And we can only then get to the substantive reasonableness issue if we decide that the range was 24 months. And to do that, we then have to go through the question of, is the range 24 months? So it wouldn't support the procedural reasonableness challenge, but it supports the substantive reasonableness challenge. Is that right? That's exactly right, Your Honor. Okay, but now if that's true, we don't have to do that if even if it was 24 months, it would be substantively reasonable. So I understood you to be making two arguments as to why it would not be substantively reasonable if the range was 24 months at the top end. Yes, Your Honor. And let me also add, under the reader case from the Supreme Court, it's within the guidelines that you're arguing that apply. And there's a presumption of reasonableness there also. Am I correct? It's the upper end of the guideline that you're arguing for, but it's still within that range. Yes, Your Honor. However, in this case, we have two factors that would make it unreasonable. One is that we had a co-defendant who would have been within that same range. So that's a disparity argument. That would be a disparity, yes, Your Honor. And then you had a second argument. And then the second argument was that my client's reasons for a downward variance were so substantial that there could be no justification then for giving the high end of the guideline. But can I ask you on that second point, I'll come back to the disparity. On the second point, I don't see why that follows, because the reason for the variance could justify a sentence of two years. It's not as if what the judge was saying when he made the variance from the higher range, that no matter what the range is, I will always vary downward. So I don't really follow why we can conclude that just because there was a variance that took it to two years, now when you get a two-year sentence, it would have to be lower to be adequately explained. That doesn't really make sense to me. Well, I think the district court very clearly found the justification for variance so substantial that one could not then apply its reasoning to the 24 months and not grant the variance. Why? I mean, I give you a 10-year sentence and I say, but there's this mitigating circumstance that makes it down to two. Okay, now I'm giving you a two-year sentence. That circumstance still exists. Why do I think it's lower than two? I just don't follow the logic. Are you suggesting that now that the judge went down to 24 months, he could have still varied even more? I don't think you're arguing that, correct? No, I'm not arguing with that, and I think it's a fair point, Your Honor. Okay, so then on the disparity point, what do we do with the fact that given our case law says it's an apples-to-apples comparison, district courts seem to think that the nature of the criminal conduct by the two defendants was not identical. And your client was deemed the leader organizer also, and I think that's – I know you've sort of disputed, but he recruited people, he got kickbacks, so wouldn't that be a reasonable difference between both of them? Just to add, even if the guideline didn't apply, there's still the evidence of his behavior, which is distinguishing behavior from the other defendant. Yes. I think that – sorry, Your Honor. The government had highlighted, and that gets to the intertwined nature of this analysis, where we would have to refer back to leader organizer and challenging that in order to correctly differentiate these two defendants. Thank you. Any further questions? Judge Lynch? Yeah, just I'm puzzled by the last statement. You mean that the only difference in behavior that the district court could have looked at in determining to give your client a higher sentence depends on the outcome of the guidelines leader or organizer? Why does that follow? Not wholly, Your Honor. The distinctions were the length of time that the two translators had worked within this process. So that's an independent argument that you're making as to that? Yes, Your Honor. Okay, thank you. Thank you, Your Honor. Thank you. Thank you, counsel. At this time, would Attorney Feinberg please come up to the podium and introduce herself on the record to begin? Thank you. Good morning. Lindsay Feinberg on behalf of the government this morning. If I may start with what the panel was most interested in, as I heard the argument, which is the substantive reasonableness component of Mr. Ahmed's argument. Turning first to the sentencing disparity claim, I think it's important to point out two factors that I didn't hear brought up in opposing counsel's presentation. First is that Mr. Osman joined this scheme to defraud approximately two years after Mr. Ahmed did. And second, Mr. Osman was subservient to Mr. Ahmed, and in fact that's a factual finding that the district court made. Having had an opportunity to be intimately familiar with the facts in this scheme, having presided over all of the co-defendants, there was no doubt in the sentencing court's mind that you could not make an apples-to-apples comparison between Mr. Osman and Mr. Ahmed. And as a result, any suggestion that Mr. Ahmed would be entitled to the same sentence as a matter of reasonableness is completely unavailing. As to the factual basis for the district court sentence, as the court noted quite rightly, it was based on the 3553A factors. It was untethered from the guidelines. The court made that perfectly clear. The court's statement of reasons noted several of the downward variance arguments that were made, including Mr. Ahmed's severely autistic son. Those weren't considerations that the court was not aware of or cognizant of in determining a reasonable sentence in this case. And having considered those factors, pursuant to 3553A, separate and apart from the loss calculation and the role enhancement, the court determined 24 months was procedurally and substantively reasonable under the facts presented. So what you're saying is the court considered the loss amount, leadership role, everything that's aggravating, but then the court also took into consideration all these other mitigating factors and, in fact, did the 3553 analysis properly, and that's how it reached that sentence, correct? That's exactly right, Your Honor. And that's evidence not only reviewing the sentencing hearing transcript, but also in looking at the court's subsequent statement of reasons, which memorialized several of the oral findings made by the court at sentencing. Can I ask just a puzzling feature of the case, and I don't know whether you have a view of how we should think about it, but suppose in the course of the analysis we evaluated the loss calculation, and I understand there's reasons why we don't need to do that in order to affirm, but suppose we were to do it and we were to find an error. The district court still explains I would give the same carceral sentence even if the loss amount was the lower amount that the defendant contends it should be, right? Yes, Your Honor. But we have a restitution order at the higher amount. Is that restitution order not being challenged? That restitution order has not been challenged, Your Honor. So even if the court were to find an error in the loss amount, we're still left with the same restitution finding because that's not been brought to this court on appeal. So it would be just harmless error, and it doesn't affect the substantiveness, correct? Correct. But was that just a waiver point, a waiver on appeal? I mean, it just seems odd. You'd have an opinion saying loss amount clearly wrong, should be half, but then the restitution order would just remain undisturbed. I mean, that's not understood to be impliedly within the scope of the appeal. I mean, the appeal just says I'm challenging the sentence. We often think of the restitution as part of the sentence. So is that not before us? Under the court's case law, it's certainly true that restitution is part of the overall sentencing package. The government agrees with that, certainly. However, in a case where the party hasn't challenged a component of the sentence, whether it be, for instance, a condition of supervisory lease or – Well, I guess that's what I'm asking is when the party challenges the amount of loss, should we not treat that as a challenge to the restitution? Or does he specifically have to, in the briefs, challenge the restitution amount? Would the analysis be any different if he used the word restitution than it would be if he just says the amount of the loss? I think the latter, Your Honor, meaning that, to clarify, if a party wishes to challenge a part of the underlying judgment, it is not sufficient, or the sentence more broadly, to simply say, I am arguing that the sentence is procedurally unreasonable. Ergo, it's all fair game. No, I understand that. But if I say the sentence is procedurally unreasonable because the loss amount should not be 1.9, it should be 900, should we then treat that as not enough to call into question the restitution amount of 1.9 without the defendant saying, and I'm challenging the restitution order independently? I think the court should not reach out. Just tell me, what's the logic of that? Is the legal analysis of restitution any different than of the loss amount? No, but I think the analysis that's before the court are the issues that are brought to it, and where a party, as is the case here, Mr. Ahmed, did not bring forth a challenge to the restitution amount, then it would be outside the scope of the issues before the court on appeal. And as to the restitution amount and the loss amount, I think it's also worth going back to that the court made clear in its findings why that amount was well supported by the record below, including reams and reams of evidence that the court had before it. This was not a number that was arrived at lightly. The parties litigated this extensively. Yeah, that's if we get to the merits of it. You rightly give us reasons why we could affirm without getting to the merits of that. I just think the odd feature of that is it leaves unaddressed an argument for the loss amount being roughly one half, while the restitution order remains on the books, even though we were confronted with arguments about why it should be one half. That just makes me a bit uncomfortable about the fairness of that situation. It is peculiar. On the other hand, that issue hasn't been briefed by either side, and that's another reason, regardless of waiver arguments, why perhaps this is a topic to be left for a future case. Let me just ask that point, though, just so I get it. You're not suggesting that if he had used the word restitution in the brief alongside that, that the legal analysis of the restitution order would be any different than the legal analysis of the loss amount, are you? No, Your Honor. The arguments would have had to have been developed by the parties to give the court, meaning that— No, no, that's not what I asked. I apologize. I'm just asking whether—and you may just not have a view on it. Is the legal analysis of the question of whether the restitution should be 1.9 any different than the legal analysis of whether the loss amount under the guideline should be 1.9? No, Your Honor. The legal analysis isn't any different. Nevertheless, the issue hasn't been briefed, and insofar as there were differences— But everything you said about why the loss amount under the guideline is right is the exact same thing you would say if he had said the word restitution correct. Yes. There's no prejudice to you from it being addressed. It's not like there's some other argument. That's all I'm asking. Just let me get it. Let me just get an answer to this question and then go ahead, Judge Lynch. But I just—what the government—typically when an argument's not raised, one reason we'd be hesitant to get into it is because there would be prejudice to the party who wasn't apprised of it. I'm just asking, what could be the prejudice here of us getting into it? Because wouldn't every argument you'd make about the restitution being defensible be the arguments you've already made in your brief about the loss guideline being correct? Well, I think the difference, though it may be a narrow one, Your Honor, is that we as the appellee are responding to arguments that have been raised. So not knowing what Mr. Ahmed may quibble with about the restitution amount that may differ from his arguments as to loss calculation does not give the government an opportunity to fairly respond to those arguments because we are the responding party here, not the moving party, is what I would suggest, Your Honor. Judge Lynch? Well, sometimes we have remanded for further evidence on calculation of loss damage when the district court has misapprehended a controlling principle of law. And I don't know whether there would be a res judicata type effect of a ruling on loss amount, but it seems to me that might vary under normal res judicata rules. But as I said, none of this has been presented to us. It's just I think it's maybe a little more complicated. I certainly agree with Judge Lynch that it can be more complicated. Could you just give me a sentence how? I'm sorry, Your Honor? I'm just trying to figure out how it would be more complicated. Because if it would be, that would be a really good reason not to get into it. I'm not sure if there's a simple answer to that question, Your Honor. But to say that generally when issues come up for the court. No, I understand that. I definitely agree with the general point. And in terms of the specifics, I would say that the court is well aware and has probably had opportunity to review the rather voluminous record that to try and raise a distinction between the restitution judgment and the loss amount calculation at the 11th hour. Also, in addition to sort of being inherently complex and. No, it's not at this last point because there's no reason to pursue it further. But my understanding is the point would not be to raise a distinction between them. It would be to say that the same arguments made for the loss calculation being wrong, if correct. That was the very arguments presented in the brief and that you responded to. If the defendant was correct about them, is there any reason they would not support the conclusion that restitution was too high? There may be a reason why it would not support, Your Honor. But again, not having it being raised. Just one follow-up question on that. I'm pointing to pages 30 of your brief, but it can be 29, 30, or 31. But you note there that specifically the district court basically when calculating the lost amount, the defendant was given the opportunity that the burden is then on him to offset anything, and he didn't meet it. So wouldn't that be a further obstacle for him as to challenge the restitution amount or the lost amount at this time? The failure to prove entitlement to any offset, or excuse me, not prove, but to put forth some viable offset claim. Yes, Your Honor. And the standard is clearly erroneous, which in this case he hasn't met in your position, correct? That is correct. Okay. Thank you. Thank you. Thank you at this time. Mr. Duby, you have one minute of rebuttal. Yes, Your Honor. Thank you. Thank you. That concludes arguments in this case.